UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>W.A. ROSE CONSTRUCTION, INC., et al.,<br><br>Defendants. | Case No. 18-cv-02030-SI<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY OR DISMISS**<br><br>Re: Dkt. No. 20 |

Defendant W.A. Rose Construction, Inc. has filed a motion to stay or dismiss the proceedings in the present case. Dkt. No. 20. The Court finds this matter appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and VACATES the hearing set for June 22, 2018. For the reasons set forth below, the Court DENIES the motion.

**BACKGROUND**

Plaintiff James River Insurance Co. is an insurance provider. Defendant W.A. Rose Construction, Inc. is a construction company covered by a commercial general liability ("CGL") insurance policy issued by plaintiff.

In June 2017, Joy Jordan-Thobe sued defendant, among others, in Alameda County Superior Court alleging negligence in releasing lead and other pollutants while renovating Piedmont Community Hall.[1] *See* Dkt. No. 7, First Am. Compl. ("FAC") ¶ 6; Dkt. No. 7-1, Ex. 1 ("Underlying Action Compl.") ¶¶ 1-12. The City of Piedmont had hired defendant to renovate the

---

[1] Joy Jordan-Thobe and her mother Elizabeth Jordan are also defendants in this action. Because neither has yet entered an appearance, references in this Order to "defendant" are to W.A. Rose Construction, Inc. alone.

Piedmont Community Hall, where Jordan-Thobe attended preschool. FAC ¶ 6. Jordan-Thobe alleges the renovation released high levels of lead and other toxic substances into the air, and that "[t]hroughout the construction project, the schoolchildren were exposed to lead, asbestos, and other dangerous metals and toxins." Underlying Action Compl. ¶¶ 17-19. Jordan-Thobe asserted one cause of action for negligence against all defendants, including W.A. Rose, alleging that the defendants "1) began and continued construction on a structure that they knew or should have known contained lead and other toxins, without following safe practices; 2) delayed testing dust and debris caused by the construction; 3) failed to properly clean up the dust to avoid exposure to children; and 4) failed to remove children from the toxin-contaminated classrooms." *See id.* ¶ 34. Defendant W.A. Rose tendered the Underlying Action to plaintiff on February 20, 2018. FAC ¶ 13. Plaintiff agreed to provide a defense, subject to a reservation of rights. *Id.*

As relevant to this proceeding, the insurance policy plaintiff issued defendant includes an "Absolute Asbestos, Lead or Silica Exclusion" ("Lead Exclusion") as well as an "Absolute Pollution and Pollution Related Liability Exclusion" ("Pollution Exclusion"; collectively "Exclusions"). *See* Dkt. No. 7-1, FAC, Ex. 2 ("Policy") at 62-63, 65-66.[2]

On April 3, 2018, plaintiff filed this declaratory relief action (the "Coverage Action"). Dkt. No. 1. Plaintiff seeks a declaration that it has no duty to defend or indemnify the defendants in the present case and seeks to recoup defense and indemnity expenditures in the Underlying Action. FAC at 8-9.

Defendant moves to stay this Coverage Action pending resolution of the Underlying Action or, alternatively, to dismiss this Coverage Action. Dkt. No. 20, Mot. at 9. Plaintiff opposes the motion and argues that, at minimum, the Court should allow the matter to proceed to summary judgment. Dkt. No. 23, Opp'n at 10-11.

---

[2] Page citations for the Policy refer to the ECF-generated pagination.

**LEGAL STANDARD**

A district court has discretion to stay or dismiss an action for declaratory relief over which it has jurisdiction. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). "[T]here is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage actions specifically." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc). The Ninth Circuit has said that where an insurer sues its insured for a declaratory judgment of no coverage, a court should consider factors from *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), and *American States Insurance Co. v. Kearns*, 15 F.3d 142 (9th Cir. 1994). *Dizol*, 133 F.3d at 1225. The *Brillhart* factors concern avoiding needless determination of state law issues, avoiding duplicative litigation, and avoiding forum shopping.

Additionally, following *Kearns*, a court may consider:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Dizol*, 133 F.3d at 1225 n.5 (quoting *Kearns*, 15 F.3d at 145 (Garth, J., concurring)).

**DISCUSSION**

The parties do not dispute that the Court has jurisdiction to hear this case. Nor do they dispute that the Court has authority to issue a stay. *See* Mot. at 4; Opp'n at 1-2. Defendant, however, contends that a stay is required "because of the prejudice that W.A. Rose will face if this action is allowed to proceed." Mot. at 4. Plaintiff argues that a stay in this case is discretionary and that the Court should decline to exercise its discretion to stay the case. Opp'n at 1.

**I.   The Court Will Not Stay This Action under Federal Law.**

The parties largely focus on whether this Coverage Action would require the Court to needlessly determine state law issues; whether the Coverage Action would lead to duplicative litigation in the Underlying Action; and whether the Coverage Action will impose an undue

3

hardship on plaintiff. None of these factors weighs in favor of a stay.

Defendant asserts "[t]he Court will be forced to examine crucial facts related to the Underlying Action" to determine whether plaintiff has a duty to defend or indemnify defendant and thereby resolve state law issues and require duplicative litigation. Mot. at 7. Specifically, defendant claims plaintiff "will need to prove that Jordan-Thobe sustained bodily injury 'arising out of, resulting from, caused or contributed to by Asbestos, Lead or Silica'" for the Lead Exclusion to apply. *Id.* (quoting Policy at 62).[3] Defendant similarly argues that the Pollution Exclusion only applies if "Jordan-Thobe sustained bodily injury 'arising out of or related to any form of pollution.'" *Id.* (quoting Policy at 65).[4]

Plaintiff counters that none of the issues in the Underlying Action "will need to be adjudicated in this action." Opp'n at 7. Rather, plaintiff claims the "coverage issue turns on the

---

[3] The Lead Exclusion provides, in part:

> Injury or damages, including any claim or suit, arising out of, resulting from, caused or contributed to by Asbestos, Lead or Silica is not covered under this policy, nor are any expenses nor any obligation to share damages with or repay anyone else who must pay damages from same in conjunction with occurrences arising or alleged to have arisen out of same . . . .

Policy at 62.

[4] The Pollutant Exclusion provides, in part:

> Pollution/environmental impairment/contamination is not covered under this policy, nor are any expenses nor any obligation to share damages with or repay anyone else who must pay damages from same in conjunction with occurrences arising out of or alleged to have arisen out of same. All liability and expense arising out of or related to any form of pollution, whether intentional or otherwise and whether or not any resulting injury, damage, devaluation, cost or expense is expected by any insured or any other person or entity is excluded throughout this policy.
>
> This insurance does not apply to any damages, claim, or suit arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" . . . .

*Id.* at 65.

4

1 comparison of two documents: the Jordan-Thobe's [Underlying Action Complaint] and the
2 Policy." *Id.* Plaintiff adds that "[t]he underlying action will not consider whether either a
3 pollutant exclusion or an asbestos, lead or silica exclusion [applies] and precludes coverage." *Id.*

4 The Court is not persuaded by defendant's argument that proceeding with the Coverage
5 Action will result in needless determination of state law and duplicative litigation. The question
6 whether a declaratory relief action would needlessly determine state law issues relates to unsettled
7 issues of law generally, not unsettled issues of fact in the specific action. *See Cont'l Cas. Co. v.*
8 *Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991), *overruled on other grounds by Dizol*, 133
9 F.3d at 1226. A stay is warranted if "[t]he precise state law issues at stake in the present case are
10 the subject of a parallel proceeding in state court." *Id.* The issue raised in this action is whether
11 coverage is excluded by the Policy's terms, not whether defendant acted negligently or caused
12 Jordan-Thobe's alleged injuries. *See* FAC ¶¶ 15-26. To the extent plaintiff will focus its
13 arguments on the *allegations* in the Underlying Action Complaint and the terms of the Policy,
14 there will be no factual overlap between the Underlying Action and the Coverage Action. Given
15 that plaintiff is not a party to the Underlying Action and that the insurance coverage issue has not
16 been raised in the Underlying Action, there would be no parallel litigation on the coverage issue.
17 *See Dizol*, 133 F.3d at 1225. Importantly, defendant's motion to stay, in quoting from the Policy,
18 omits the language that the Lead Exclusion applies to an "[i]njury or damages, *including any*
19 *claim or suit*, arising out of, resulting from, caused or contributed to by Asbestos, Lead, or Silica
20 . . . ." *See* Policy at 62 (emphasis added); Mot. at 7 (stating that the exclusion "precludes coverage
21 for '[i]njury or damages. . . .arising out of, resulting from, caused or contributed to by Asbestos,
22 Lead or Silica.'").

23 Defendant also maintains that it will suffer undue hardship from fighting a "two-front war"
24 against both plaintiff and Jordan-Thobe if the Coverage Action is not stayed. Mot. at 5-8. As
25 defendant recognizes, the risk of a "two-front war" is not a dispositive factor in determining
26 whether to stay or dismiss a case. *See id.* at 6. Instead, the Ninth Circuit has found that district
27 courts may exercise jurisdiction over declaratory relief proceedings that would not factually
28 prejudice parties in underlying actions. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1107-08

5

(9th Cir. 2011); *see also Century Surety Co. v. Byal*, No. 10-03917 WHA, 2011 WL 2550832, at *5 (N.D. Cal. June 27, 2011); *Burlington Ins. Co. v. Alan*, No. 12-3372 SI, 2013 WL 567615, at *5 (N.D. Cal. Feb. 13, 2013). While an adverse ruling here may impact defendant's ability to fund its legal defense in the Underlying Action, it will not prejudice defendant factually because the coverage issue will not involve factual determinations which would impact the liability findings in the Underlying Action. *See Alan*, 2013 WL 567615, at *5.

Further, the balance of interests does not favor defendant. Defendant cites to *Mason McDuffie Real Estate*, in which the court found that although a stay was not required, a stay was appropriate where there were pending petitions to compel arbitration in the underlying state action. *Hanover Ins. Co. v. Mason McDuffie Real Estate, Inc.*, No. 16-cv-114-JST, 2016 WL 7230868, at *3-4 (N.D. Cal. Dec. 14, 2016). Such considerations are not present here.[5]

Under the remaining factors, a stay may be appropriate if federal adjudication would promote forum shopping, resolve the underlying action, or create federal-state court entanglement; if federal adjudication would not clarify legal relations; or if the declaratory action is being sought for procedural fencing or res judicata purposes. *See Dizol*, 133 F.3d at 1225 & n.5. Defendant does not raise any of these arguments in its motion, and the Court does not find that these factors weigh in favor of a stay. As explained above, the Underlying Action does not present the same issues of state law as the Coverage Action. Thus, federal adjudication would not promote forum shopping or provide plaintiff with any res judicata advantage. Nor would resolution of the Coverage Action resolve the Underlying Action or create federal-state court entanglements. However, resolution of the Coverage Action will clarify whether plaintiff bears any legal duty to defend or indemnify defendant in the Underlying Action, which weighs in favor of federal adjudication. Accordingly, the Court declines to stay this action.[6]

---

[5] The Court notes, however, that the policy at issue here does contain a "Binding Arbitration" endorsement that if the parties "disagree as to the rights and obligations owed by [plaintiff] under this policy, . . . either party may make a written demand that the dispute be subjected to binding arbitration." Policy at 51.

[6] Defendant also makes a cursory request that the Court "stay *or dismiss*" this action under the Declaratory Judgment Act. *See* Mot. at 8-9 (emphasis added). Defendant provides no additional argument in favor of its request that the case be dismissed. For the same reasons that

6

## II. A Stay Is Not Warranted Under California Law.

Defendant also argues that a stay is required under California law because of the risk that defendant "may be collaterally estopped from relitigating any adverse factual findings in the third party action." Mot. at 6; Dkt. No. 24, Reply at 2-3.

Federal courts sitting in diversity apply federal procedural law and state substantive law. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Hence, the Court applies federal doctrine developed since *Brillhart*, rather than California law, to address a procedural stay of declaratory relief actions. Nevertheless, California law aligns with federal law here and does not require a stay.

California law mandates a stay in a declaratory relief action "when the coverage question turns on facts to be litigated in the underlying action." *Montrose Chem. Corp. v. Super. Ct.*, 6 Cal. 4th 287, 301 (1993). Otherwise, the decision to grant a stay "is left to the discretion of the trial court." *United Enters., Inc. v. Super. Ct.*, 183 Cal. App. 4th 1004, 1012 (2010). The court must "balanc[e] the insured's interest in not fighting a two-front war against the insurer's interest in not being required to continue paying defense costs which it may not owe and likely will not be able to recoup." *Great Am. Ins.*, 178 Cal. App. 4th at 237.

Here, the *Brillhart* factors mirror California law's mandate of a stay "when the coverage question turns on facts to be litigated in the underlying action." *See Brillhart*, 316 U.S. at 495; *Montrose*, 6 Cal. 4th at 301. As explained above, there is no overlap between the issues to be decided in the Underlying Action and in the Coverage Action. Similarly, the *Kearns* factor reflects California's balancing of the parties' interests. *Compare Kearns*, 15 F.3d at 145 (Garth, J., concurring), *with Great Am. Ins.*, 178 Cal. App. 4th at 237. As previously discussed, the balance of interests cuts against defendant.

Finally, defendant argues in its reply brief that there are overlapping issues in the Coverage Action and the Underlying Action because plaintiff's duty to indemnify, rather than solely to defend, "is determinable only after the basis for the insured's liability is finally established." *See*

---

the Court declines to stay the case, the Court hereby also declines to exercise its discretion to dismiss the case.

Reply at 2. This argument is unavailing, even under California law, on which defendant relies for this argument, because "the duty to defend is broader than the duty to indemnify[.]" *See Montrose*, 6 Cal. 4th at 295. However, should issues arise that may factually prejudice defendant in the Underlying Action or that require factual resolution that overlaps with the Underlying Action, defendant may renew its motion to stay.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES defendant's motion without prejudice to renewal in the future.

**IT IS SO ORDERED**.

Dated: June 18, 2018

_____
SUSAN ILLSTON
United States District Judge